UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHEILA M. OWEN,<br><br>                         Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                         Defendant. | Case No. 3:15-cv-05933-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

      Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

      On November 9, 2012, plaintiff filed an application for SSI benefits, alleging she became disabled beginning September 30, 2010. Dkt. 9, Administrative Record (AR), 16. Plaintiff also sought to file an application for disability insurance benefits on November 9, 2012, alleging the same onset date of disability. AR 17. The application for SSI benefits was denied on initial administrative review and on reconsideration. AR 16. The application for disability insurance

ORDER - 1

benefits "was not accepted at the field office because [plaintiff's] date last insured had already passed and been determined." AR 17. At a hearing held before an Administrative Law Judge (ALJ), plaintiff appeared and testified, as did a vocational expert. AR 37-67.

In a written decision, the ALJ found the prior adverse administrative determinations were final and thus subject to *res judicata*. AR 16-17. The ALJ also found that plaintiff could perform jobs existing in significant numbers in the national economy, and that therefore she was not disabled since November 9, 2012, the date she filed her application for SSI benefits. AR 16-31. The Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner, which plaintiff then appealed to this Court. AR 6; Dkt. 3; 20 C.F.R. § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

    (1)    in refusing to reopen the prior adverse disability determinations and to consider evidence from the period covered by that determination;

    (2)    in evaluating the medical evidence in the record, including the opinion evidence from Keith J. Krueger, Ph.D.;

    (3)    in evaluating plaintiff's testimony;

    (4)    in assessing plaintiff's residual functional capacity (RFC); and

    (5)    in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees that the ALJ erred in evaluating the opinion evidence from Dr. Krueger, and therefore in assessing plaintiff's RFC and in finding she could perform other jobs. Thus, remand for further administrative proceedings is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the

ORDER - 2

"proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.   The ALJ's Evaluation of Dr. Krueger's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions

ORDER - 3

solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need

ORDER - 4

not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

The record contains a psychological/psychiatric evaluation form completed by Keith J. Krueger, Ph.D., on April 26, 2012, who opined that "[a]t present, lacking enough daily structure, self-confidence, adequate motivation [sic] to be able to sustain [sic] normal workday." AR 277. Dr. Krueger further opined that "[w]ith improvement in depression mgt, would expect she could do past work for which she is physically capable." AR 277-78. Plaintiff argues the ALJ erred in failing to discuss this opinion evidence in his decision. The Court agrees.

Clearly, given Dr. Krueger's opinion regarding plaintiff's inability to sustain a normal workday constitutes significant probative evidence of her ability to function that the ALJ should have considered and discussed. As defendant points out, the ALJ acknowledged that the record contained Dr. Krueger's opinion, but gave it little weight because it did not discuss plaintiff's level of functioning "during the period at issue." AR 17 (referencing Exhibit 1F, which contains Dr. Krueger's opinion). The Court finds, however, that Dr. Krueger's opinion does concern the time period at issue, and therefore the ALJ should have discussed it as it pertains to the post *res judicata* period.

The ALJ found that because the April 25, 2012 reconsideration determination "was

ORDER - 5

administratively final and was not appealed, the previously adjudicated period from September 30, 2010, to April 25, 2012, is res judicata." AR 16. The ALJ then went on to note that although plaintiff had filed an application for disability insurance benefits along with her application for SSI benefits, the former application was not accepted because plaintiff's date last insured already had passed. AR 17. The ALJ thus found the period at issue was from plaintiff's "protective filing date of November 9, 2012, through the date of this decision, and is limited to [the] evaluation" of plaintiff's application for SSI benefits. *Id.*

Citing 20 C.F.R. § 416.335, defendant argues the ALJ properly used November 9, 2012, as both plaintiff's alleged onset date of disability *and* the start of the relevant period for purposes of this case. But that regulation pertains to when a claimant can first claim SSI benefits should he or she be found disabled. *See id.* ("When you file an application in the month that you meet all the other requirements for eligibility, the earliest month for which we can pay you benefits is the month following the month you filed the application."). It says nothing about when a claimant's disability actually begins.

Here, plaintiff alleges September 30, 2010, as her alleged onset date of disability. Thus, while plaintiff cannot receive any paid benefits prior to the month following the month she filed her application, she could be found to be disabled prior thereto, or at least starting from the date immediately after the previously administratively adjudicated period. As the ALJ acknowledged, that previously adjudicated period is from September 30, 2010, until April 25, 2012. However, Dr. Krueger's opinion is dated the day after that period ended, April 26, 2012. Accordingly, it concerns a period that has not been found to be administratively final. Further, as plaintiff notes the Commissioner is required to "develop [a claimant's] complete medical history for at least the 12 months preceding the month in which [the claimant] files [his or her] application." 20 C.F.R.

ORDER - 6

§ 416.912(d). Since the limitations Dr. Krueger assessed *could* support a finding of disability as of at least April 26, 2012, and which *could* conceivably last at least through November 9, 2012, it constitutes significant probative evidence the ALJ should have properly evaluated. He failed to do so, and that failure constitutes reversible error.

II.     The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the RFC:

> **to perform light work . . . that does not require more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; that does not require concentrated exposure to vibrations; that does not requirement [sic] exposure to hazards such as machinery and heights; that consists of simple, routine, tasks; that do [sic] not require interaction with the general public; that is performed in a place where the general**

ORDER - 7

**public is typically not present.**

AR 22 (emphasis in the original). But because as discussed above the ALJ erred in failing to properly evaluate the medical opinion evidence from Dr. Krueger, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations. Accordingly, the ALJ erred here as well.

III.   The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 30-31. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and

ORDER - 8

thus that expert's testimony and the ALJ's reliance thereon – cannot be said to be supported by substantial evidence or free of error.

IV.   Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain in regard to the medical opinion evidence, plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and

ORDER - 9

this matter is REMANDED for further administrative proceedings.

DATED this 18th day of October, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10